**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

```
------------------------------------------------------------x
                                                            :
LORI BARRETT,                                               :
                                                            :   Case No. 4:21-cv-00140-SMR-HCA
                                Plaintiff,                  :
                                                            :
        v.                                                  :
                                                            :
C. R. BARD, INC. and BARD                                   :
PERIPHERAL VASCULAR, INC.,                                  :
                                                            :
                                Defendants.                 :
------------------------------------------------------------x
```

## JOINT REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING AND PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

Counsel have conferred and submit the following case information and proposed dates for case management:

### Introduction

Plaintiff Lori Barrett ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Defendants" or "Bard") (Plaintiff and Defendants are collectively referred to herein as "the Parties") submit this Joint Report of the Parties Rule 26(f) Planning Meeting and Proposed Scheduling Order and Discovery Plan pursuant to Fed. R. Civ. P. 26(f), S.D. IA L.R. 16(b), and the Order of Chief Magistrate Judge Helen C. Adams dated and entered on July 8, 2021. (ECF 19.)

Pursuant to Fed. R. Civ. P. 26(f) and S.D. IA LR 16(a), the Parties conferred regarding a proposed scheduling order and discovery plan. Meghan Hennessy, Esq. of Marc J. Bern & Partners LLP appeared on behalf of Plaintiff and John S. Gearan III, Esq. of Greenberg Traurig, LLP appeared on behalf of Defendants.

### Claims, Denial of Liability and Case History

In this action, Plaintiff alleges that she experienced complications following the implantation of a Bard inferior vena cava ("IVC") filter (the "Filter"), a prescription medical device.

This case was part of a Multi-District Litigation proceeding called *In re: Bard IVC Filter Litigation* (MDL 2641), pending before Senior Judge David Campbell of the District of Arizona (the "MDL"). After four years, the completion of general issue/generic discovery, and conducting three bellwether trials, Judge Campbell ordered cases which have not settled or are not close to settling be transferred to the appropriate jurisdictions around the country for case-specific discovery, workup, and eventual trial. This case was transferred to this Court and docketed on May 7, 2021 (ECF 8). The MDL Court's Suggestion of Remand and Transfer Order ("Remand Order") contains a comprehensive description of the history of the MDL, the claims and defenses asserted by the parties, various case management orders entered in the MDL, the status of general common fact and expert discovery conducted in the MDL, summaries of the bellwether cases, and the Court's rulings on various matters common to all cases. *See* Remand Order (ECF 7).

Defendants deny Plaintiff's allegations and assert that the Bard Filter is a life-saving device cleared by the FDA as being safe and effective that was placed in Plaintiff after being diagnosed with deep vein thrombosis/pulmonary embolism. Defendants deny that the Filter was defectively designed or manufactured and that the Filter was ineffective or otherwise in an unsafe condition. Defendants deny that they failed to warn Plaintiff's implanting physician of the risks associated with the implant procedure or that it breached any express or implied warranties. Defendants deny that they in any way caused or contributed to Plaintiff's alleged injuries asserted in this matter and further assert intervening and alternative causes as defenses. Defendants also allege that there are

no facts support a finding of fraudulent misrepresentation or concealment or any violation of the Iowa Unfair and Deceptive Trade Practices Act. Likewise, Defendants deny that they engaged in any willful misconduct, malice, fraud, wantonness, oppression, or entire want of care, which would raise the presumption of conscious indifference to consequences.

Per the Remand Order, "all common fact and expert discovery has been completed," "[t]hus, courts receiving these cases need not be concerned with facilitating general fact discovery on remand." *See* Remand Order at 2-3, 11. The Parties agree that general fact and expert discovery is not necessary in this case as general fact and expert discovery was completed in the MDL. Case-specific discovery in the above-styled case that was conducted before or during the time it was a part of the MDL was minimal and limited to the submission of basic plaintiff and defense profile forms. Consequently, the Parties will need to conduct all case-specific discovery, including the collection of medical records and the taking of depositions of Plaintiff, Plaintiff's family, Plaintiff's treating medical providers, and other fact witnesses and anticipate that such discovery will take approximately twelve months. The Parties note that the medical record collection process alone typically takes at least four months.

**Discovery Plan**

1. Did the parties both (a) enter into an agreement resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? ☒ **yes** ☐ **no**

   The Parties shall provide initial disclosures pursuant to Fed.R.Civ.P. 26 within fourteen (14) days of the entry of this Proposed Scheduling Order and Discovery Plan.
   As to electronic and hard copy discovery, Bard produced millions of pages of documents and hundreds of depositions were taken in MDL 2641. All of those documents and testimony are available to Plaintiff through the Bard IVC Filter MDL Steering Committee. The Parties agree that because of the extensive production of documents

      that has already occurred as part of the MDL, the ESI that will be produced in this action should be limited to case-specific ESI.

2. Deadline for motions to add parties:  N/A

3. Deadline for motions to amend pleadings:  N/A

4. Expert witnesses disclosed by:  See proposed scheduling order below.

5. Deadline for completion of fact discovery:  April 1, 2022.  Further, as general discovery has been completed, the Parties propose the following case-specific discovery plan.

    (a) The Parties have agreed to execute the Plaintiff's and Defendants' Fact Sheets that were utilized in the MDL.  The Parties agree that any additional case-specific written discovery will be limited and targeted to the specific facts of this case.

    (b) Discovery will be needed on the following subjects:
- Plaintiff's case-specific claims and factual allegations, including Plaintiff's medical, health, surgical, regiment and treatment histories;
- Plaintiff's claim for damages, including causation, alternative causation and other case-specific factors relevant to Plaintiff's alleged damages; and
- Other case-specific issues pertaining to Plaintiff's claims and allegations.

    (c) The Parties have agreed to generally abide by Case Management Orders in the MDL and to be bound by the following orders and request that the Court adopt the following:
- November 10, 2015, Stipulated Protective Order, MDL Dkt. 269;
- December 1, 2015, Case Management Order No. 3 (502 Order);
- January 5, 2016, Case Management Order No. 7, MDL Dkt. 401;
- March 21, 2016, Case Management Order No. 9 (ESI Protocol), MDL Dkt. 1259;
- November 16, 2016, Amended Case Management Order No. 17, MDL Dkt. 4015;
- May 5, 2016, Case Management Order No. 12 (Joint Record Collection), MDL Dkt. 1663.  The Parties agree to abide by this order and to use the authorizations referenced therein for the collection of third-party records in this case.
- June 21, 2016, Case Management Order No. 14 (Deposition Protocols), MDL Dkt. 2239.

    (d) The Parties have agreed to a scheduling order for case-specific discovery, case-specific dispositive motions and case-specific *Daubert* motions (if any), with the following deadlines:

| Proposed Date | Deadline |
|---|---|
| 14 days after entry of the Court's Scheduling Order | Rule 26(a) disclosures to be filed by the Parties and Plaintiff will produce executed authorizations.<br><br>*To include disclosure by Plaintiff of a list of medical providers for the period ten (10) years prior to implant of the filter to the present time and to include execution by Plaintiff of standard medical and other records release authorizations agreed upon by the Parties. |
| 30 days after entry of the Court's Scheduling Order | Plaintiff will produce the completed Plaintiff Fact Sheet and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter* MDL. The Parties agree that the terms incorporated into the Plaintiff Fact Sheet form adopted in the MDL and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Plaintiff Fact Sheet. The Parties agree that any additional case-specific written discovery such as Interrogatories or Request for Production will be limited and targeted to the specific facts of this case. |
| 60 days after entry of the Court's Scheduling Order | Defendants will produce the Defendant's Fact Sheet and related information utilized in the *In re: C. R. Bard, Inc. IVC Filter* MDL. The Parties agree that the terms incorporated into the Defendant Fact Sheet form adopted in the MDL and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Defense Fact Sheet. The Parties agree that any additional case-specific written discovery such as Interrogatories or Request for Production will be limited and targeted to the specific facts of this case. |
| April 1, 2022 | Fact Discovery deadline. |
| May 2, 2022 | Plaintiff will designate any case-specific expert witness they intend to call at trial pursuant to Federal Rule of Civil Procedure rule 26 and all subparts. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure. |
| June 1, 2022 | Defendants will designate any case-specific expert witness they intend to call at trial pursuant to Federal Rule of Civil Procedure Rule 26 and all subparts thereto. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure. |
| July 1, 2022 | The parties [not just Plaintiff, but also Defendants] will designate any case-specific rebuttal expert witness they intend to call at trial pursuant to the Federal Rule of Civil Procedure Rule 26 and all subparts thereto. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure. |
| July 15, 2022 | Plaintiff's case-specific experts shall be deposed. |
| July 29, 2022 | Defendants' case-specific experts shall be deposed. |
| July 29, 2022 | All case-specific expert discovery shall be completed. |

| Proposed Date | Deadline |
|---|---|
| September 1, 2022 | Filing of *Daubert* motions and other dispositive motions. |
| October 3, 2022 | Oppositions to expert and dispositive motions due. |
| October 18, 2022 | Replies to Oppositions to expert and dispositive motions due. |

6. Dispositive and *Daubert* motions deadline:  September 1, 2022
   (*at least 150 days before Trial Ready Date*)

7. Trial Ready Date:  January 30, 2023
   (*at least 150 days after Dispositive Motions Date*)

8. Has a jury demand been filed?    ☒ **yes**  ☐ **no**

9. Estimated length of trial:   The Parties expect trial of this case to take approximately 20 days, inclusive of voir dire and jury deliberations.

10. Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)?  ☐ **yes**   ☒ **no**

11. Are each of the attorneys in this case admitted to practice in the Southern District of Iowa pursuant to Local Rule 83?  ☒ **yes**    ☐ **no**

    Respectfully submitted this 30th day of July, 2021.

LORI BARRETT,

/s/ Meghan Hennessy
**MARC J. BERN & PARTNER LLP**
Meghan Hennessy
60 E 42nd St., Ste. 950
New York, NY 10165
Phone: (212) 702-5000
Fax: (212) 18-0164
mhennessy@bernllp.com

*Attorneys for Plaintiff*

C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC.,

/s/ John S. Gearan
**GREENBERG TRAURIG, LLP**
John S. Gearan
One International Place, Suite 2000
Boston, Massachusetts 02110
Phone: (617) 310-6000
Fax: (617) 310-6001
gearanj@gtlaw.com

/s/ Noah Lindenfeld
**GREENBERG TRAURIG, LLP**
Noah Lindenfeld
200 Park Avenue
New York, New York 10166
Phone: (212) 801-9200
Fax: (212) 801-6400
lindenfeldn@gtlaw.com

/s/ Gregory M. Lederer
**LEDERER WESTON CRAIG PLC**
Gregory M. Lederer
118 Third Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA 52406
Phone: (319) 365-1184
Fax: (319) 365-1186
glederer@lwclawyers.com

*Attorneys for Defendants*

| | |
|---|---|
| LORI BARRETT, | C. R. BARD, INC. AND BARD PERIPHERAL VASCULAR, INC., |
| /s/ Meghan Hennessy<br>**MARC J. BERN & PARTNER LLP**<br>Meghan Hennessy<br>60 E 42nd St., Ste. 950<br>New York, NY 10165<br>Phone: (212) 702-5000<br>Fax: (212) 18-0164<br>mhennessy@bernllp.com<br><br>*Attorneys for Plaintiff* | /s/ John S. Gearan<br>**GREENBERG TRAURIG, LLP**<br>John S. Gearan<br>One International Place, Suite 2000<br>Boston, Massachusetts 02110<br>Phone: (617) 310-6000<br>Fax: (617) 310-6001<br>gearanj@gtlaw.com<br><br>/s/ Noah Lindenfeld<br>**GREENBERG TRAURIG, LLP**<br>Noah Lindenfeld<br>200 Park Avenue<br>New York, New York 10166<br>Phone: (212) 801-9200<br>Fax: (212) 801-6400<br>lindenfeldn@gtlaw.com<br><br>/s/ Gregory M. Lederer<br>**LEDERER WESTON CRAIG PLC**<br>Gregory M. Lederer<br>118 Third Avenue SE, Suite 700<br>P.O. Box 1927<br>Cedar Rapids, IA 52406<br>Phone: (319) 365-1184<br>Fax: (319) 365-1186<br>glederer@lwclawyers.com<br><br>*Attorneys for Defendants* |